# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:20-cv-00229-MR

| | |
|---|---|
| TIMOTHY D. KING-EL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU WILSON, et al., ) | |
| ) | |
| Defendants. ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's Complaint [Doc. 1], filed under 42 U.S.C. § 1983. See 28 U.S.C. §§ 1915(e) and 1915A. Plaintiff is proceeding in forma pauperis. [Docs. 2, 8].

## I. BACKGROUND

Pro se Plaintiff Timothy D. King-El ("Plaintiff") is a North Carolina state inmate currently incarcerated at Scotland Correctional Institution in Laurinburg, North Carolina. He filed this action on August 18, 2020, pursuant to 42 U.S.C. § 1983, based on events alleged to have occurred at his previous place of incarceration, Marion Correctional Institution ("Marion"). [Doc. 1]. Plaintiff names Sergeant FNU Wilson, Assistant Unit Manger Saint T. Tapp, and Unit Manager Jeffrey E. James, all employees of Marion, as Defendants in this matter. [Id. at 3-4]. Plaintiff claims his rights under the

First, Eighth, and Fourteenth Amendments to the U.S. Constitution were violated by Defendants' conduct. [Id. at 7]. Specifically, Plaintiff alleges

> On 02/05/19 and again on 02/08/19 Sgt. Wilson and Mr. Tapp; the Assistant Unit Manager on (F. Unit) at Marion Corr. Inst. denial me the opportunity to go through my personal property. To pick or choose (ten books) of my belief, which are (Hindu or Hinduism) which are my rights by the D.O.C. policy at (M.C.I.) when I was assign to FU1W-02.[1] Accordingly to the religion policy at (M.C.I.) And accordingly to (step two) and (step three) of my grievance response. Sgt. Wilson and Mr. Tapp; are in violation of my rights by the D.O.C. policy at (M.C.I.) It (state) in the (policy) offender is encouraged to go through the items and work with unit staff to get to the allowable amounts of property within limits of M.C.I. policy.
>
> I was denial the opportunity to go through my (personal property) by policy at (M.C.I.) It's also (state) in the (religion policy.) However you can only possess religious property for the religion you have declared, which is currently Hindu. All my book's that I had on (Hindu or Hinduism.) Was in my personal property. That they put in the (facility locker room,) at M.C.I.

[Id. at 7 (grammatical errors uncorrected)]. Plaintiff also alleges, "[l]ike one day after the incident, I believe it was on the same day after the incident, that I sent a (Postage Debit Authorization Forms) to the Unit Asst. Manager Mr.

---

[1] In another section of his Complaint, Plaintiff alleges that 30 books, nine magazines, numerous hygiene products, and a Georgetown Law Journal were withheld from Plaintiff. [Doc. 1 at 5].

2

Capp and Unit Manager Mr. J. Jones [illegible]."[2]  [Id. at 5].

Plaintiff also filed grievance records as exhibits to his Complaint. [See Doc. 1-1]. These records reflect that Plaintiff had moved several times between E and F units at Marion between the middle of December 2018 and early 2019 and that Plaintiff's personal property inventories reflect that Plaintiff was over the limit on the number of books he was allowed to possess in his cell. [See Doc. 1-1 at 3]. In the Step Three response to a January 11, 2019 grievance filed by Plaintiff, Plaintiff was "encouraged to work with unit staff to get to the allowable amounts of property." [Id.]. Plaintiff was further advised that he "may have reading material from any religious group as long as [he is] within the property limits." [Id.].

For injuries, Plaintiff claims he was denied the opportunity to go through his personal property at Marion and that he suffered "a lot of stress about his personal property." [Id. at 5, 7].

For relief, Plaintiff seeks monetary damages or, in the alternative, injunctive relief, including being allowed to go through his property according to "M.C.I. policy" and having his property sent to his home. [Id. at 8].

---

[2] It appears here that Plaintiff may have inadvertently referred to Defendant Unit Manager Jeffry E. James as "Unit Manager Mr. J. Jones." [Doc. 1 at 5]. This discrepancy is of no consequence because, regardless of the true identity of this Defendant, Plaintiff has failed to state a claim against him, and he will be dismissed.

## II. STANDARD OF REVIEW

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

## III. DISCUSSION

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution or laws of the United States and must show that the deprivation of that right was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988).

Here, Plaintiff contends that his rights under the First, Eighth, and Fourteenth Amendments were violated by the above-described conduct. Giving Plaintiff the benefit of every reasonable inference, it appears he is alleging that, when he was transferred to F Unit at Marion, his personal property, including his religious materials, was placed in a "facility locker room" and Defendants Wilson and Tapp did not give Plaintiff the opportunity to go through this property to retrieve certain materials because he already had the maximum allowed personal property in his cell. Apparently, this effectively prevented Plaintiff from having the ten (10) religious books related to his declared religion, Hinduism, that he was allowed to have in his cell. As to Defendant James, Plaintiff only alleges that Plaintiff sent him and Defendant Capp a "Postage Debit Authorization Form," presumably for use in mailing Plaintiff's materials "to the home address [Plaintiff] gave them." [Id. at 5].

### A. First Amendment

The Free Exercise Clause of the First Amendment states that "Congress shall make no law . . . prohibiting the free exercise [of religion]." U.S. Const. amend. I. The Supreme Court has applied the First Amendment to the states through the Fourteenth Amendment. See Everson v. Bd. of Educ., 330 U.S. 1, 15 (1947). To state a free exercise claim under the First Amendment, a plaintiff must allege facts sufficient to show that he held a sincere religious belief, and that the official action or regulation substantially burdened his exercise of that belief. Hernandez v. Comm'r, 490 U.S. 680, 699 (1989). Here, taking Plaintiff's allegations as true and giving him the benefit of every reasonable inference, the Court finds that Plaintiff's First Amendment claim against Defendants Tapp and Wilson is not clearly frivolous. Plaintiff, however, has failed to state a First Amendment claim against Defendant James, alleging only that Plaintiff gave James a postage debit authorization form to send Plaintiff's property to his home address. Plaintiff's First Amendment claim against Defendant James, therefore, fails initial review.

### B. Eighth Amendment

Plaintiff claims the alleged conduct violated his rights under the Eighth and Fourteenth Amendments. The Eighth Amendment protects prisoners

6

Case 1:20-cv-00229-MR   Document 11   Filed 10/26/20   Page 6 of 9

from inhumane methods of punishment and from inhumane conditions of confinement. Williams v. Benjamin, 77 F.3d 756, 761 (4th Cir. 1996). "Prison conditions may be harsh and uncomfortable without violating the Eighth Amendment prohibition against cruel and unusual punishment." Dixon v. Godinez, 114 F.3d 640, 642 (7th Cir. 1997). Here, taking Plaintiff's allegations as true and drawing all reasonable inferences in Plaintiff's favor, Plaintiff has not stated a claim under § 1983 for violation of the Eighth Amendment in relation to his personal property. Plaintiff's claim that he was not allowed to go through his personal property and retrieve certain books simply does not fall within the protections of the Eighth Amendment. As such, Plaintiff's Eighth Amendment claim does not survive initial review.

### C. Fourteenth Amendment

Plaintiff purports to bring his claim under the Equal Protection clause of the Fourteenth Amendment, alleging the Fourteenth Amendment "means that the government can't discriminate against [him] or treat [him] poorly because of [his] religion." [Doc. 1 at 7].

To establish an equal protection violation, Plaintiff first must demonstrate that he has been treated differently from others with whom he is similarly situated, and that the unequal treatment was the result of intentional or purposeful discrimination. Morrison v. Garraghty, 239 F.3d

7

648, 654 (4th Cir. 2001). In doing so, the plaintiff must set forth "specific, non-conclusory factual allegations that establish an improper [discriminatory] motive." Williams v. Hansen, 326 F.3d 569, 584 (4th Cir. 2003) (quoting Trulock v. Freeh, 275 F.3d 391, 405 (4th Cir. 2001)). Here, Plaintiff has not alleged any facts that he was treated differently from others with whom he is similarly situated. Further, Plaintiff has not alleged any facts tending to show that Defendants participated in any purposeful discrimination. Thus, Plaintiff has failed to state a Fourteenth Amendment Equal Protection claim against either Defendant. This claim, therefore, fails initial review.

Finally, because Plaintiff has been transferred from Marion to Scotland CI, Plaintiff's claims for injunctive relief are moot and will be dismissed. Incumaa v. Ozmint, 507 F.3d 281, 286-87 (4th Cir. 2007).

## V. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's First Amendment claim against Defendants Wilson and Tapp is not clearly frivolous. Plaintiff, however, has failed to state a claim against Defendant James, and he will be dismissed. Further, Plaintiff's claim for injunctive relief will be dismissed.

This Court recently enacted Local Rule 4.3, which sets forth a procedure to waive service of process for current and former employees of

the North Carolina Department of Public Safety ("NCDPS") in actions filed by North Carolina State prisoners. In light of the Court's determination that this case passes initial review in accordance with this Order, the Court will order the Clerk of Court to commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Wilson and Tapp, who are alleged to be current or former employees of the NCDPS.

## ORDER

**IT IS, THEREFORE, ORDERED** that Clerk of Court shall commence the procedure for waiver of service as set forth in Local Civil Rule 4.3 for Defendants Wilson and Tapp, who are alleged to be current or former employees of NCDPS.

**IT IS FURTHER ORDERED** that all claims asserted in this matter as to all Defendants are hereby **DISMISSED with prejudice**, with the exception of the First Amendment claim against Defendants Wilson and Tapp, which is allowed to pass initial review.

**IT IS FURTHER ORDERED** that Plaintiff's claim for injunctive relief in this matter is **DISMISSED with prejudice**.

**IT IS SO ORDERED.**

Signed: October 23, 2020

Martin Reidinger
Chief United States District Judge